# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

No. 07-60042
Summary Calendar

Charles R. Fulbruge III
Clerk

JAMES WINFUN

Plaintiff-Appellant

v.

DAIMLERCHRYSLER CORPORATION

Defendant-Appellee

Appeal from the United States District Court
for the Northen District of Mississippi
USDC No. 3:05-CV-138

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal in a civil action raising products liability claims. We have diversity jurisdiction, 28 U.S.C. § 1332, and apply the substantive law of Mississippi. Erie v. Tompkins, 304 U.S. 64, 78 (1938). Plaintiff-Appellant, James Winfun ("Winfun") appeals two orders of the District Court: an order striking his expert witness designation and an order granting summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment in favor of Defendant-Appellee Daimler Chrysler Corporation ("Chrysler"). We affirm.

I

This case arose out of an automobile crash. Winfun was driving a Chrysler-manufactured Jeep Liberty when he lost control of the automobile and crashed. Winfun was not wearing a seatbelt, and the airbags did not deploy. During the crash, Winfun suffered injuries to his face, arms, and legs. Winfun claims that Chrysler is liable for the injuries he sustained under the following theories: design defect, manufacturing defect, failure to warn, breach of express or implied warranty, negligent design, and negligent manufacture.

The District Court's original case management order required Winfun to designate expert witnesses by June 14, 2006. One week before the deadline, Winfun moved for an extension of time. The District Court granted a one-month extension. On July 14, 2006, Winfun designated an expert witness, but his designation was not accompanied by a report as required by Fed. R. Civ. P. 26(a)(2)(b). Accordingly, Chrysler moved to strike Winfun's expert. The District Court granted the motion. Chrysler then moved for summary judgment. Winfun did not oppose it. The District Court granted summary judgment in favor of Chrysler.

II

We review a District Court's "decision to strike a[n expert] report for failure to meet a deadline" under the deferential abuse of discretion standard. Boudreaux v. U.S., 280 F.3d 461, 469 n. 4 (5th Cir. 2002). The District Court has broad discretion in discovery matters. Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546, 569 (5th Cir. 1996) (internal quotations and citations omitted). Accordingly, we reverse discovery rulings only in "unusual" and "exceptional" cases. Id.

The District Court's decision to strike Winfun's expert was neither unusual nor exceptional. Winfun argues that the District Court abused its discretion by striking his expert designation merely because it was not accompanied by an expert report. This argument gives short shrift to the Federal Rules, which plainly require an expert disclosure to be "accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(b). Winfun did not comply with this requirement despite the fact that the District Court already had granted a one-month extension to designate experts. In light of the District Court's "broad" and "considerable" discretion in discovery matters, Sierra Club, 73 F.3d at 569, we cannot say that the District Court abused its discretion in striking Winfun's expert witness. See Boudreaux, 280 F.3d at 469 n. 4.

## III

We review a grant of summary judgment de novo, applying the same standard as the District Court. Scallan v. Duriron, Co., Inc., 11 F.3d 1249, 1251 (5th Cir. 1994) (internal quotations and citations omitted). Although summary judgment is rarely appropriate in products liability cases, it is nonetheless appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. Chrysler, the moving party, bore the initial burden of "informing the District Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted). Once Chrysler's burden was met, the burden shifted to Winfun, the nonmovant, to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The District Court granted summary judgment on all of Winfun's claims because Winfun did not properly designate expert testimony that could create a genuine issue of material fact. In reaching its decision, the District Court observed:

> It is clear that complex product liability claims such as those presented in this case, including the Plaintiff's crashworthiness and negligence claims, must be supported by expert testimony. See e.g., Forbes v. General Motors Corp., No. 2003-CA-01201-COA, 2005 WL 226105 (Miss. Ct. App. Feb. 1, 2005).

The District Court erred in relying on the Mississippi Court of Appeals' decision in Forbes to dismiss all of Winfun's claims because the Mississippi Supreme Court reversed, in part, the Forbes decision more than six months before the District Court issued its order. See Forbes v. General Motors Corp., 955 So. 2d 869, 877-78 (Miss. 2006). Like Winfun, the plaintiff in Forbes sued the manufacturer of her automobile after she was injured in a crash in which the airbags did not deploy. Id. at 871-72. The Mississippi Supreme Court held that the plaintiff was not required to offer expert testimony to support her breach of warranty claim. Id. at 877-78. The Mississippi Supreme Court also suggested, but did not hold, that expert testimony may not be required to support any products liability claim. Id. At minimum, Winfun's failure properly to offer expert testimony, standing alone, cannot destroy his breach of warranty claims. See id.

We need not decide whether Winfun's failure properly to offer expert testimony destroys his other claims because another basis exists in the record to affirm the District Court's grant of summary judgment on all his claims. See e.g., Hegna v. Islamic Republic of Iran, 376 F.3d 485, 493 (5th Cir. 2004) ("[W]e may affirm for any reason the record supports.") (citations omitted). Chrysler identified sufficient record evidence to establish that there is no genuine issue of material fact, and that Chrysler is entitled to judgment as a matter of law.

See Celotex 477 U.S. at 323. Winfun did not oppose summary judgment and did not designate any specific material facts showing a genuine issue for trial. See Little, 37 F.3d at 1075. We likewise find none. Accordingly, we affirm the District Court's grant of summary judgment in favor of Chrysler on all Winfun's claims.

AFFIRMED.